IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01841–EWN–CBS

SANDRA BAFIA,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, WASHINGTON COUNTY, COLORADO,
in their official and individual capacities;
BOARD OF COUNTY COMMISSIONERS, BOULDER COUNTY, COLORADO,
in their official and individual capacities;
FORMER BOULDER COUNTY SHERIFF GEORGE EPP,
in his official and individual capacity;

    Defendants.

---

### ORDER AND MEMORANDUM OF DECISION

---

This is a civil rights case arising under 42 U.S.C. § 1983. Plaintiff Sandra Bafia alleges that Defendants violated section 1983 by failing to supervise and train employees and failing to provide medical treatment with deliberate indifference to Plaintiff's constitutional rights. This matter is before the court on (1) Defendant Board of County Commissioners of Washington County's "Amended Motion to Dismiss and Stay Discovery," filed December 8, 2004, and (2) Defendants Board of County Commissioners of Boulder County, Boulder County Sheriff Epp, and Boulder County Deputy Fournet's "County Defendants' Answer and Motion to Dismiss," filed December 9, 2004. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 (2005).

**FACTS**

*1.     Factual Background*

The following facts are taken from Plaintiff's complaint. On July 26, 2002, Plaintiff was taken into custody pursuant to a warrant, and transported to the Washington County jail. (Compl. ¶ 9 [filed Sept. 3, 2004] [hereinafter "Compl."].) In August 2002, while incarcerated, Plaintiff began to have visual disruptions in her right eye. (*Id.*) Plaintiff made multiple attempts and requests to receive medical treatment for her eye. (*Id.* ¶¶ 9–10.) On or about October 1, 2002, Plaintiff visited a general practitioner and asked the physician to examine her right eye. (*Id.* ¶¶ 11–12.) Plaintiff alleges that the physician stated it was imperative that Plaintiff visit an opthalmologist to receive treatment for Plaintiff's ocular medical condition. (*Id.*) Within forty-eight hours of Plaintiff's consultation with the general practitioner, Washington County dismissed all charges against Plaintiff and released Plaintiff from custody. (*Id.* ¶ 13.) Immediately upon release, Plaintiff was transported directly to the Boulder County jail and taken into custody pursuant to an outstanding warrant against Plaintiff in Boulder County. (*Id.* ¶ 14.)

On or about October 7, 2002, Plaintiff experienced loss of vision in her right eye. (*Id.* ¶ 16.) Plaintiff alleges that Nurse "Bill" L.N.U. examined Plaintiff and told Plaintiff that her eye was fine. (*Id.* ¶ 16.) On or about October 8, 2002, during proceedings in Boulder County Court, Plaintiff's attorney, Ingrid DeFranco, informed Judge Thomas Jefferson Reed of Plaintiff's medical problems with her eye "on the record," and requested a medical transport. (*Id.* ¶ 17.) On October 28, 2002, Boulder County jail employees transported Plaintiff to Dr. Marilyn Dougherty's office for medical treatment. (*Id.* ¶ 18.) Dr. Dougherty diagnosed Plaintiff with a detached retina, and recommended that Plaintiff undergo eye surgery immediately. (*Id.* ¶ 18.) On

October 29, 2002, Dr. William Benedict performed a full examination of Plaintiff, and determined that Plaintiff needed eye surgery. (*Id.* ¶ 19.) On or about November 6, 2002, Judge David Archuleta of the Boulder County Court granted Plaintiff credit for the time Plaintiff served in the Washington County jail, thereby allowing Plaintiff to be released from her sentence approximately ten days early. (*Id.* ¶ 21.) On November 11, 2002, Dr. Benedict performed surgery on Plaintiff's retina. (*Id.* ¶ 22.) Plaintiff alleges that because of the delay in surgery, she has suffered a permanent disability. (*Id.*) Plaintiff's post-operative vision is 20/200 with corrective lenses and 20/400 without corrective lenses. (*Id.*)

### *2.    Procedural History*

On September 3, 2004, Plaintiff filed a complaint in this court. (Compl.) Plaintiff asserted two civil rights claims pursuant to 42 U.S.C. § 1983: (1) against all Defendants for failure to provide medical care and treatment with deliberate indifference to and in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments; and (2) against Defendants Washington County Sheriff English and Boulder County Sheriff Epp for failure to train and supervise employees with deliberate indifference to and in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments.[1] (*Id.* ¶¶ 24–44.) Plaintiff asserted jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

On December 2, 2004, Defendant Board of County Commissioners of Washington County (hereinafter "Defendant Washington County") concurrently filed: (1) a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(h)(2) to dismiss Plaintiff's claims for

---

[1] Plaintiff refers to a "Sheriff Epps" in certain sections of her complaint. (Compl. ¶¶ 31, 35–44; *cf. id.* ¶¶ 6, 8.) I assume Plaintiff actually refers to named Defendant Boulder County Sheriff Epp.

failure to state a claim upon which relief could be granted, and (2) a motion to stay discovery pending resolution of its motion to dismiss.[2]  (Mot. to Dismiss and to Stay Disc. [filed Dec. 2, 2004] [hereinafter "Def. Washington County's Mot. to Dismiss"].)  On December 7, 2004, this court denied the concurrent motions for failure to comply with D.C. Colo. L.Civ R. 7.1.  (Order [filed 12/7/04].)  On December 8, 2004, Defendant Washington County amended its motions to dismiss and to stay discovery.  (Am. Mot. to Dismiss and to Stay Disc. [filed December 8, 2004] [hereinafter "Def. Washington County's Am. Mot. to Dismiss"].)  Also on December 8, 2004, Plaintiff filed a response to Defendant Washington County's amended motion to dismiss.  (Resp. to Def. Board of County Commissioners of Washington County's Mot. to Dismiss [filed Dec. 8, 2004] [hereinafter "Pl.'s Resp. to Def. Washington County's Mot. to Dismiss"].)  Plaintiff did not file a response to Defendant Washington County's amended motion to stay discovery.  Defendant Washington County did not file reply briefs in support of either its motion to dismiss or its motion to stay discovery.

On December 9, 2004, Defendants Board of County Commissioners of Boulder County, Boulder County Sheriff Epp, and Boulder County Deputy Fournet (hereinafter, collectively, "Boulder Defendants") concurrently filed: (1) an answer to Plaintiff's complaint on behalf of Defendant Boulder County Sheriff Epp in his official capacity, and (2) a motion to dismiss Plaintiff's claims against Defendant Boulder County Sheriff Epp in his individual capacity, Defendant Board of County Commissioners of Boulder County, and Defendant Boulder County Deputy Fournet under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon

---

[2]Defendant Washington County moves for judgment on the pleadings, but calls its motion a "motion to dismiss."  (Def. Washington County's Am. Mot. to Dismiss.)  To avoid confusion, I refer to Defendant Washington County's motion as a motion to dismiss as well.

-4-

which relief could be granted. (County Defs.' Answer and Mot. to Dismiss [filed Dec. 9, 2004] [hereinafter "Boulder Defs.' Mot. to Dismiss"].) On December 30, 2004, Plaintiff responded to Boulder Defendants' motion to dismiss. (Pl.'s Resp. to Boulder County Defs.' Mot. to Dismiss [filed Dec. 30, 2004] [hereinafter "Pl.'s Resp. to Boulder Defs."]) On January 18, 2005, Boulder Defendants filed a reply brief in support of their motion to dismiss. (Boulder County Defs.' Reply to Pl.'s Resp. to Mot. to Dismiss [filed Jan 18, 2005] [hereinafter "Boulder Defs.' Reply"].)

On March 1, 2005, Plaintiff filed a motion to dismiss Defendant Boulder County Deputy Fournet with prejudice. (Unopposed Mot. to Dismiss Def. Fournet with Prejudice [filed Mar. 1, 2005].) On March 10, 2005, I granted the motion. (Order of Dismissal with Prejudice [filed Mar. 10, 2005].) On March 30, 2005, Plaintiff filed a motion to dismiss Defendants Washington County Sheriff English, Washington County Deputies Marsha Traxler and Barbra Vanwinckle, Boulder County Deputy Ray Romano, Boulder County Jail Nurse "Bill" L.N.U., John Doe Boulder County Sheriff's Deputies, and John Doe Washington County Sheriff's Deputies. (Unopposed Mot. To Dismiss Defs. English, Traxler, Vanwinckle, Romano, L.N.U., John Doe Boulder County Sheriff Deputies and John Doe Washington County Deputies with Prejudice [filed Mar. 30, 2005].) On April 7, 2005, I granted the motion. (Order of Dismissal with Prejudice [filed Apr. 7, 2005].)

**ANALYSIS**

*1.     Standard of Review: 12(b)(6) Motion to Dismiss*

For the purposes of a motion to dismiss under Rule 12(b)(6), a court should only dismiss a claim "'when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle [the plaintiff] to relief, accepting the well-pleaded allegations fo the complaint as

true and construing them in the light most favorable to the plaintiff.'" *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 2335 [10th Cir. 1997]). "'The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Id.* (quoting *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1126, 1236 [10th Cir. 1999]) (other citations omitted).

Defendant Washington County moves for "judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(h)(2) for dismissal of Plaintiff's claims." (Def. Washington County's Am. Mot. to Dismiss at 1–2.) Rule 12(h)(2) provides that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h)(2) (2005). In the instant case, Defendant moves for judgment on the pleadings, which is governed by Federal Rule of Civil Procedure 12(c). (Def. Washington County's Am. Mot. to Dismiss at 1–2.) Rule 12(c) states, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (2005). Normally, pleadings are closed upon the filing of an answer. *See* Fed. R. Civ. P. 7(a) (2005). Here, the pleadings are not closed, Defendant Washington County has not yet filed an answer to Plaintiff's complaint. Generally, "[a] motion for judgment on the pleadings may not be filed *before* the answer. However, a motion for judgment on the pleadings filed before the answer may be treated as a motion to dismiss." *Geltman v. Verity*, 716 F. Supp. 491, 432 (D. Colo. 1989) (emphasis in original); *accord Geir v. Educ. Serv. Unit No. 16*, 144 F.R.D. 680, 686 (D. Neb.

1992). Accordingly, I treat Defendant Washington County's motion for judgment on the pleadings as a Rule 12(b)(6) motion to dismiss, subject to the same standards set forth above.[3]

### *2.    Evaluation of Claims*

Plaintiff alleges two civil rights claims pursuant to section 1983 in this case: (1) against Defendant Washington County and Boulder Defendants for failure to provide medical care and treatment with deliberate indifference to and in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments; and (2) against Defendant Boulder County Sheriff Epp in his official and individual capacity for failure to train and supervise employees with deliberate indifference to and in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments.[4] (Compl. ¶¶ 24–44.)

As a threshold requirement to establish a violation of section 1983, a plaintiff must allege that (1) she was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Plaintiff satisfies the baseline pleading requirements for a section 1983 action. Plaintiff alleges in no uncertain terms that all Defendants: (1) deprived her of her rights "to be free of cruel and unusual punishment," and to be afforded due process under the

---

[3]Defendant Washington County also moves to stay discovery pending the resolution of its motion to dismiss. (Def. Washington County's Am. Mot. to Dismiss ¶ 6.) As evidenced by filings on the record, the parties have participated in discovery, and a discovery deadline was set for April 22, 2005. (12/9/2004 Minute Entry, Magistrate Judge Craig B. Shaffer.) Defendant Washington County's motion to stay discovery is moot because discovery has taken place. Thus, I need not address the motion to stay.

[4]Plaintiff's claims are directed at various parties that have been dismissed from this matter. (Order of Dismissal with Prejudice [filed Apr. 7, 2005].) Accordingly, I consider Plaintiff's claims only with regards to those parties that remain named Defendants.

Eighth and Fourteenth Amendments, and (2) "acted or failed to act under color of state law." (Compl. ¶¶ 25, 28.) I address each claim in greater detail below.

### *a. Plaintiff's First Claim: Failure to Provide Medical Care and Treatment*

Plaintiff alleges that all Defendants violated her rights under the Eighth and Fourteenth Amendments by failing to provide Plaintiff with medical care and treatment for her eye problems and vision loss.[5] (Compl. ¶¶ 24–34.) To support a claim for failure to provide medical treatment, a plaintiff must allege that the defendant acted with deliberate indifference to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Supre v. Ricketts*, 792 F.2d 958, 963 (10th Cir. 1986).

### *i. Plaintiff's First Claim as to Defendant Washington County: Municipal Liability*

Defendant Washington County argues that Plaintiff's first claim should be dismissed because Plaintiff fails to name a municipal policy that caused her injury and because Defendant Washington County is not responsible for the actions of the Washington County Sheriff. (Def. Washington County's Am. Mot. to Dismiss ¶¶ 3–4.) Municipalities can be sued for monetary, declaratory, or injunctive relief for deprivations of constitutional or civil rights under section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Municipal liability under

---

[5]Whether a plaintiff's claims are properly styled as violations of the Eighth or Fourteenth Amendment depends on the plaintiff's procedural status at the time of the alleged violation. Pre-trial detainees are protected under the Fourteenth Amendment due process clause, post-trial detainees are protected by the Eighth Amendment prohibition of cruel and unusual punishment. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (citing *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 [10th Cir. 1999]). The distinction is of relatively little importance, because this court applies "identical" analysis in Fourteenth and Eighth Amendment cases brought pursuant to section 1983. *Id.* This issue was not raised in the parties' submissions, and Plaintiff's procedural status is unclear. Therefore, I decline to address the intricacies of proper amendment choice and focus instead on the substance of Plaintiff's claims.

section 1983 is limited to deprivations of federally protected rights caused by actions taken pursuant to official municipal policy or custom. *Id.* at 691; *accord Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). To survive a motion to dismiss, Plaintiff must assert a short and plain statement alleging that Defendants violated her constitutional rights through (1) an official policy or custom of the municipality, or (2) a single act by an official with final policy-making authority with respect to the challenged action that inflicts constitutional injury. *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000).

Accepting the factual allegations in Plaintiff's complaint as true, as I must, it appears that Plaintiff adequately asserts municipal liability against Defendant Washington County on the basis of former Defendant Washington County Sheriff English's actions. (Compl. ¶¶ 7–8, 31; Pl.'s Resp. to Def. Washington County at 2–3.) Specifically, Plaintiff alleges in her complaint that Defendant Washington County administered and ran the Washington County jail, and former Defendant Washington County Sheriff English set policy for Defendant Washington County and implemented Defendant Washington County's policies in overseeing the operation of the Washington County Jail. (Compl. ¶¶ 5, 7.) Plaintiff alleges that Defendant Washington County "had a custom, policy, or practice of acting knowingly and with deliberate indifference in denying obviously necessary medications, medical services, surgery and hospitalizations to inmates . . . including [Plaintiff]."[6] (Compl. ¶ 27.) Plaintiff asserts that Defendant Washington County's

---

[6] Notably, Plaintiff does not name an actor who executed Defendant Washington County's policies or customs resulting in the alleged violation of her Constitutional rights as a defendant in this case. Plaintiff's claim against Defendant Washington County arises out of the alleged actions and omissions of former Defendant Washington County Sheriff English. (Compl. ¶ 7.) Former Defendant Washington County Sheriff English and former Defendants Washington County Deputy Marsha Traxler, Washington County Deputy Barbra Vanwinckle, and John Doe Washington County Sheriff's Deputies were all dismissed from this matter by my order filed April

"customs, policies, or practices caused the deprivation of Plaintiffs' [sic] constitutional rights." (Compl. ¶ 5). Plaintiff alleges that Defendant Washington County knew or should have known Plaintiff requested medical attention and required immediate surgery to save her vision, but Defendant Washington County made no effort to provide medical services and thereby "failed to examine, treat, and care for" Plaintiff's medical needs. (Compl. ¶ 28.) Construing these allegations in a light most favorable to Plaintiff, Plaintiff has alleged sufficient facts indicating that: (1) former Defendant Washington County Sheriff English had final policy-making authority with respect to the constitutional violation Plaintiff alleges; (2) Defendant Washington County had a policy or custom of violating inmates' rights; and (3) Plaintiff's injury was caused by Defendant Washington County's policy or custom. Accordingly, Plaintiff's complaint sufficiently alleges a violation of section 1983 against Defendant Washington County. *See Seamons*, 206 F.3d at 1029.

Defendant Washington County argues that Plaintiff has failed to state a claim against Defendant Washington County because Plaintiff does not identify a policy or custom of Defendant Washington County that violated her constitutional rights. (Def. Washington County's Am. Mot. to Dismiss ¶¶ 3–4.) Defendant Washington County's argument is surprising, in that Plaintiff patently alleges that Defendant Washington County "had a custom, policy, or practice" of denying medical services to inmates at the Washington County jail. (Compl. ¶¶ 27, 7.) Plaintiff's allegations are sufficient to state a claim under section 1983.

Defendant Washington County further argues that Plaintiff has failed to state a claim because Defendant Washington County is not responsible for the actions of the Washington

---

7, 2005.  (Order of Dismissal with Prejudice [filed Apr. 7, 2005].)  Defendant Washington County is the sole defendant from Washington County remaining in this case.

-10-

County Sheriff and therefore could not have been the "moving force" behind Plaintiff's injury. (Def. Washington County's Am. Mot. to Dismiss ¶ 4.) Defendant Washington County's argument is unavailing. Plaintiff argues that the Washington County Sheriff was a policy-maker for Defendant Washington County, and Defendant Washington County had in place a policy that caused her injury. (Compl. ¶¶ 5, 7, 27–28.) Plaintiff has adequately pled a section 1983 claim against Defendant Washington County on the basis of former Defendant Washington County Sheriff English's creation and implementation of Defendant Washington County's policies or customs. In accordance with the foregoing, Defendant Washington County's motion to dismiss Plaintiff's first claim is denied.

### ii. *Plaintiff's First Claim with Respect to Boulder Defendants*

Boulder Defendants argue that Plaintiff's first claim should be dismissed as to Defendant Board of County Commissioners of Boulder County (hereinafter, individually, "Board of Boulder County Commissioners"), because Plaintiff fails to name a municipal policy that caused her injury and because Defendant Board of Boulder County Commissioners is not responsible for the actions of the Boulder County Sheriff. (Boulder Defs.' Mot. to Dismiss at 11–12.) Further, Boulder Defendants argue that Plaintiff's claims should be dismissed as to Defendant Boulder County Sheriff Epp in his individual capacity, because Defendant Boulder County Sheriff Epp is entitled to qualified immunity. (*Id.* at 13–14.)

#### (a). *Preliminary Matters*

Boulder Defendants have attached transcripts from proceedings in Boulder County court as exhibits to their motion to dismiss Plaintiff's claims. (Boulder Defs.' Mot. to Dismiss, Ex. A [10/8/2002 Proceedings], Ex. B [11/7/2002 Proceedings].) First, Boulder Defendants argue that

this court may consider the attached exhibits along with Plaintiff's complaint without converting Boulder Defendants' motion to dismiss into a motion for summary judgment because they are public records of previous filings in the case. (Boulder Defs.' Mot. to Dismiss at 8.) In support of their contentions, Boulder Defendants rely upon two non-persuasive decisions from the Seventh Circuit and the Southern District of Illinois. (Boulder Def.'s Mot. to Dimiss at 8–9.) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280 [7th Cir. 1994]; *Implement Serv., Inc. v. Tecumseh Prods. Co.*, 726 F. Supp. 1171 [S.D. Ill. 1989].) Boulder Defendants' reliance is misplaced. The courts in both decisions do indeed find that previous state court filings of public record may be considered without converting a motion to dismiss into a motion for summary judgment, but the cases are distinguishable. First, in *Implement Service*, the procedural posture was not similar and involved removal of a matter from state court to federal court. *Implement Serv.*, 726 F. Supp. at 1171. No matter has been removed from state court to federal court in the instant case. Second, *Henson* had "its origin in an earlier suit filed in an Indiana state court by [defendant] against one of the plaintiffs." *Henson*, 29 F.3d at 282. Here, the hearings pertain to charges against Plaintiff that are not at issue in this matter. (Boulder Defs.' Mot. to Dismiss, Ex. A [10/28/2002 Proceedings], Ex. B [11/7/2002 Proceedings].) The state court hearings are unrelated to the procedure and only tangentially related to the subject matter of the instant case.

Second, Boulder Defendants argue that the court may consider the transcripts without converting the motion to dismiss into a motion for summary judgment because Plaintiff refers to the transcripts and the transcripts are central to Plaintiff's complaint. (Boulder Defs.' Mot. to Dismiss at 9.) Boulder Defendants' argument is unavailing. In her complaint, Plaintiff asserts "the record" indicates that her attorney informed the judge of Plaintiff's eye condition, and one of

-12-

the former Defendants knew about Plaintiff's eye condition. (Compl. at ¶ 17.) Plaintiff does not refer to the transcripts of the hearings in particular, and even if she had, the transcripts are not central to Plaintiff's complaint. Accordingly, the state court hearing transcripts are beyond the purview of a motion to dismiss, and I confine my consideration to Plaintiff's complaint. *See Sutton*, 173 F.3d at 1236.

### (b). Plaintiff's First Claim with Respect to Defendant Board of Boulder County Commissioners: Municipal Liability

As with Plaintiff's claims against Defendant Washington County, Plaintiff appears to assert municipal liability adequately against Defendant Board of Boulder County Commissioners on the basis of Defendant Boulder County Sheriff Epp's actions. (Compl. ¶¶ 6, 8.) Plaintiff alleges that (1) Defendant Board of Boulder County Commissioners administered and ran the Boulder County Jail, and (2) Defendant Boulder County Sheriff Epp set policy for Defendant Board of Boulder County Commissioners and implemented those policies in overseeing the operation of the Boulder County Jail. (Compl. ¶¶ 6; Pl.'s Resp. to Boulder Defs. at 5.) As with Defendant Washington County, Plaintiff asserts that Defendant Board of Boulder County Commissioners had a "custom, policy, or practice of acting knowingly and with deliberate indifference in denying obviously necessary medications, medical services, surgery and hospitalizations to inmates . . . including [Plaintiff]." (Compl. ¶ 27.) Plaintiff alleges that this custom, policy or practice caused Plaintiff's injury in that Boulder Defendants knew Plaintiff had requested and required medical treatment for her eye, but Boulder Defendants did not provide her with medical services and thus "failed to examine, treat, and care for" Plaintiff's medical needs. (Compl. ¶ 28.) Accepting these allegations as true, Plaintiff has pled sufficient facts indicating that Boulder Defendant Boulder

County Sheriff Epp had final policy-making authority with respect to the constitutional violation at issue, and Defendant Board of Boulder County Commissioners had a policy or custom of violating inmates' rights. *See Seamons*, 206 F.3d at 1029.

Boulder Defendants argue that Plaintiff does not state a claim because Plaintiff does not allege that Defendant Board of Boulder County Commissioners had in place any custom, policy or procedure that violated Plaintiff's constitutional rights.[7] (Boulder Defs.' Mot. to Dismiss at 8, 11.) To the contrary, Plaintiff directly asserts that Defendant Board of Boulder County Commissioners "had a custom, policy, or practice" of denying medical services to inmates at the Boulder County jail. (Compl. ¶¶ 27, 6.) Plaintiff's assertions are sufficient to state a claim pursuant to section 1983.

Boulder Defendants argue that Plaintiff fails to state a claim because the Board of Boulder County Commissioners is not liable for the actions of the Boulder County Sheriff. (Boulder Defs.' Mot. to Dismiss at 11–12.) Boulder Defendants are correct to point out that section 1983 liability cannot be based on *respondeat superior*, but in doing so, Boulder Defendants mischaracterize Plaintiff's arguments. (*Id.*) Plaintiff alleges that (1) Defendant Boulder County Sheriff Epp is a policy-maker for Defendant Board of Boulder County Commissioners, (2) Defendant Boulder County Sheriff Epp and Defendant Board of Boulder County Commissioners espoused a constitutionally impermissible policy or custom of denying inmates medical treatment,

---

[7]Boulder Defendants also contend that Plaintiff "cannot prove" the existence of a custom or policy that led to the violation of her rights. (Boulder Defs.' Mot. to Dismiss at 11.) For the benefit and edification of Boulder Defendants, I underscore the fundamental legal tenet that when considering a Rule 12(b)(6) motion to dismiss, the court considers only whether a complaint is legally sufficient to state a claim — not a party's potential evidence, or lack thereof, to prove its claims. *See Dubbs*, 336 F.3d at 1201.

and (3) Defendant Boulder County Sheriff Epp and his staff injured Plaintiff in implementing the above-described policy or custom. (Compl. ¶¶ 5–6 27–34; Pl.'s Resp. to Boulder Defs. at 6–7.) These allegations, accepted as true, suffice to state a section 1983 claim invoking municipal liability against Defendant Board of Boulder County Commissioners. *See Seamons*, 206 F.3d at 1029. Boulder Defendants' motion to dismiss Plaintiff's first claim against Defendant Board of Boulder County Commissioners is therefore denied.

### *(c). Plaintiff's First Claim with Respect to Defendant Boulder County Sheriff Epp: Qualified Immunity*

Plaintiff also asserts her first claim for relief against Defendant Boulder County Sheriff Epp in his individual capacity. (Compl.) As with the other Defendants, Plaintiff alleges that Defendant Boulder County Sheriff Epp had a "custom, policy, or practice" of acting with deliberate indifference in denying medical treatment to Boulder County jail inmates. (Compl. ¶ 27.) Plaintiff alleges that although Defendant Boulder County Sheriff Epp knew or should have known of Plaintiff's medical condition and knew that she required and had requested medical attention, Defendant Boulder County Sheriff Epp failed to provide her with medical treatment. (*Id.* ¶ 28.) In their motion to dismiss, Boulder Defendants argue Plaintiff does not state a claim because she does not allege that Defendant Boulder County Sheriff Epp participated in or had knowledge of the alleged unconstitutional delay in obtaining medical treatment. (Boulder Defs.' Mot. to Dismiss at 13–14.) Boulder Defendants' argument is utterly unavailing, based on Plaintiff's allegations described above. Plaintiff sufficiently alleges that Defendant Boulder County Sheriff Epp acted with deliberate indifference, in that he denied Plaintiff medical treatment

despite his knowledge that Plaintiff needed and had demanded medical treatment. (Compl. ¶¶ 27, 28, 31–34.)

Boulder Defendants also assert, albeit quite vaguely, that Defendant Boulder County Sheriff Epp is entitled to qualified immunity. (Boulder Defs.' Mot. to Dismiss at 14.) Qualified immunity protects public officials from individual liability in a section 1983 action unless the officials violated "clearly established . . . constitutional rights of which a reasonable person would have known." *Workman v. Jordan*, 32 F.3d 475, 478 (10th Cir. 1994). The pleading standard is not heightened if a defendant government official raises a qualified immunity defense. *See Crawford-El v. Britton*, 523 U.S. 574, 595 (1998); *Currier v. Doran*, 242 F.3d 905, 916 (10th Cir. 2001). Accordingly, "a short and plain statement of the claim showing that the pleader is entitled to relief" will suffice for a Plaintiff to allege a violation of section 1983. *Leatherman v. Tarrant County Narcotics Intelligence Unit*, 507 U.S. 163, 168 (1993). Once a defendant raises the defense of qualified immunity, a plaintiff must demonstrate; (1) the defendant's conduct violated the law; and (2) the law was clearly established when the alleged violation occurred. *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996). Plaintiff must articulate the clearly established constitutional right and the defendant's conduct that violated the right. *Id.* To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995) (citation omitted). Although the action in question does not have to have previously been held unlawful, the unlawfulness must be apparent in light of the pre-existing law. *Id.*

Boulder Defendants argue that Defendant Boulder County Sheriff Epp is entitled to qualified immunity because he is not subject to a higher standard of care than the medical professionals who provided the treatment. (Boulder Defs.' Mot. to Dismiss at 14.) Boulder Defendants cite no authority for this proposition and provide no further explanation of their argument as to this point. (*Id.*) Still, as set forth above, when a defendant raises the defense of qualified immunity, a plaintiff must demonstrate; (1) the defendant's conduct violated the law; and (2) the law was clearly established when the alleged violation occurred. *Mick*, 76 F.3d at 1134.

Plaintiff alleges that Defendant Boulder County Sheriff Epp violated her constitutional right "to be free of cruel and unusual punishment" and acted in deliberate indifference to her serious medical needs by failing to provide her with medical treatment, which ultimately caused injury to her eye. (Compl. ¶ 28.) These allegations suffice as the requisite "short and plain statement" of a constitutional violation. *Leatherman*, 507 U.S. at 168.

Regarding the requirement that the law be clearly established at the time of the alleged violation, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). It is the job of the parties to parse the claims and make the argument that a specific right was not clearly established. Boulder Defendants do not argue that any of the alleged constitutional violations Plaintiff asserts were not clearly established. The Eighth Amendment requires "humane conditions of confinement guided by 'contemporary standards of decency,'" and this standard includes an obligation to provide necessary medical care. *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle*, 429 U.S. at 103); *Dittmeyer v. Whetsel*, 91 Fed. Appx. 111, 116 (10th Cir. 2004). On this record, the court is satisfied that the constitutional

rights allegedly violated were clearly established at the time of the incident. Accordingly, Defendant Boulder County Sheriff Epp is not entitled to qualified immunity regarding Plaintiff's first claim.

### b.     *Plaintiff's Second Claim: Failure to Train and Supervise*

Plaintiff asserts her second claim only against Defendant Boulder County Sheriff Epp. (Compl.) Plaintiff alleges in her complaint that Defendant Boulder County Sheriff Epp is liable in his individual capacity for failing to train and supervise his employees, thereby acting with deliberate indifference to Plaintiff's medical needs and violating Plaintiff's Eighth and Fourteenth Amendment rights.[8] (Compl. ¶¶35–44.) A supervisor may be liable pursuant to section 1983 for a failure to train employees adequately if that failure is the cause or the moving force behind the underlying alleged constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988); *Schnurr v. Bd. of County Comm'rs*, 189 F. Supp. 2d 1105, 1136 (D. Colo. 2001). Boulder Defendants' sole argument with respect to the adequacy of Plaintiff's second claim appears in its reply brief to Plaintiff's response. (Boulder Defs.' Reply at 5.) Boulder Defendants contend Plaintiff has not pled sufficient facts to establish that Defendant Boulder County Sheriff Epp was "deliberately indifferent." (*Id.*) I disagree. Plaintiff alleges that (1) Defendant Boulder County Sheriff Epp failed to train or supervise his subordinates in administering the Boulder County jail medical unit, (2) Defendant Boulder County Sheriff Epp knew that this failure was likely cause deprivation of inmates' constitutional rights and (3) this failure was the moving force

---

[8]Plaintiff alleges that Defendant Boulder County Sheriff Epp failed to adequately train and supervise the other named Defendants in the action, all of whom have been dismissed from this matter. (Compl. ¶ 38; Order of Dismissal with Prejudice [filed Apr. 7, 2005].) In the interest of clarity, I paraphrase and simplify Plaintiff's claim.

behind the deprivations of Plaintiff's Eighth and Fourteenth Amendment rights. (Compl. ¶¶ 37–38, 40, 42.) If true, these facts could establish deliberate indifference. Plaintiff has alleged sufficient facts to state a claim for relief.

Moreover, without any explanation of their contentions whatsoever, Boulder Defendants assert that Defendant Boulder County Sheriff Epp is entitled to qualified immunity as to Plaintiff's second claim. (Boulder Defs.' Mot. to Dismiss at 13; Boulder Defs.' Reply at 5.) Following the process outlined *infra* at *§ 2(a)(ii)(b)*, I find that Plaintiff's assertions are sufficient to allege that Boulder Defendants' conduct violated the law. As with Plaintiff's first claim, Boulder Defendants do not contend that the constitutional violations alleged by Plaintiff are not clearly established. (Boulder Defs.' Mot. to Dimiss.) This court remains satisfied that the constitutional rights allegedly violated were clearly established at the time of the incident. In accordance with the foregoing, Defendant Boulder County Sheriff Epp is not entitled to qualified immunity with regards to Plaintiff's second claim.

### *3. Conclusions*

Based on the foregoing it is therefore ORDERED that:

1. Defendant Washington County's motion to dismiss (#19) is DENIED.

2. Defendant Washington County's motion to stay (#19) is DENIED as moot.

3.  Boulder Defendants' motion to dismiss (#20) is DENIED. The motion is DENIED as moot as to former Defendant Boulder County Deputy Fournet in his individual and official capacities.

4.  On the state of the record made by the parties, Defendant Boulder County Sheriff Epp is DENIED qualified immunity as to the first and second claims.

Dated this 27th day of October, 2005.

BY THE COURT:

/s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge